**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael J. Brosnahan, | No. CV09-8224-PCT-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| JPMorgan Chase Bank, formerly Washington Mutual Bank,; California Reconveyance Company, | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion for Preliminary Injunction (Doc. #8), Motion to Quash All Defendant's Motions, Pleadings, Etc. (Doc. #16), Motion for Summary Judgment (Doc. #16), and Motion for Sanctions against Defendants and Defendants' Attorneys and Firms Pursuant to F.R.C.P. Rule 11c (Doc. #19), as well as Defendants' Motion to Dismiss (Doc. #11). The Court now rules on the Motions.

**I. BACKGROUND**

Plaintiff Brosnahan executed a Deed of Trust in favor of his lender, Washington Mutual Bank ("WaMu"), on December 15, 2004. The Trustee was Defendant California Reconveyance Company. The Deed of Trust covered the property at 22 Hummingbird Cir., Sedona, AZ 86336.

WaMu was placed into receivership on September 25, 2008, with the FDIC appointed as Receiver. Defendant JP Morgan Chase Bank ("Chase") acquired certain assets of WaMu,

1 including a number of notes and deeds of trust. Chase's Purchase and Assumption Agreement with the FDIC provides that any claims that arose against WaMu prior to September 25, 2008 that might result in liability remained with the FDIC.

At some point, Plaintiff fell behind on or stopped making his mortgage payments. As a result, on or around September 10, 2009, California Reconveyance Company issued a Notice of Trustee Sale set to occur on December 14, 2009 at 11:30 a.m.

Plaintiff filed his Complaint on December 13, 2009. Plaintiff alleges three causes of action: 1) Due process deprivation; 2) "Deprivation of Plaintiff's Rights Under Cognovit Note" (Doc. #1, p. 7); and 3) "Deprivation of Plaintiff's Rights Due to Unconscionability and Adhesion Contracts" (Doc. #1, p. 13) and seeks Declaratory and Injunctive relief.

Defendants filed their pending Motion to Dismiss on January 15, 2010 (Doc. #11). Plaintiff never filed a response to the Motion. He claims Defendants did not send him a copy of the Motion to Dismiss. (Doc. #15.) Although he obviously knew of the Motion to Dismiss, Plaintiff never requested a copy from the Court or requested that the Court order Defendants to send him a copy of the Motion.

**II. LEGAL STANDARD**

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*.

1  Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.
2  Without some factual allegation in the complaint, it is hard to see how a claimant could
3  satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also
4  'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice
5  and Procedure §1202, pp. 94, 95(3d ed. 2004)).

6  Rule 8's pleading standard demands more than "an unadorned,
7  the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949
8  (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked
9  assertions will not suffice. To survive a motion to dismiss, a complaint must contain
10 sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible
11 on its face." *Iqbal*, 129 S.Ct. At 1949. Facial plausibility exists if the pleader pleads factual
12 content that allows the court to draw the reasonable inference that the defendant is liable for
13 the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility
14 requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a
15 complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short
16 of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Twombly*,
17 550 U.S. at 557).

18 In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts
19 alleged in the complaint in the light most favorable to the drafter of the complaint and the
20 Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*,
21 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true
22 a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286
23 (1986).

24 **III. ANALYSIS AND CONCLUSION**

25 In addition to their general failure to state a claim argument, Defendants also assert
26 that WaMu's receivership defeats many, if not all, of Plaintiff's claims because his claims
27 relate to the origination of his loan. Defendants argue that any potential liabilities associated

with the origination of Plaintiff's loan stayed with the FDIC pursuant to the Chase Purchase and Assumption Agreement.[1] Defendants argue that Plaintiff therefore first had to file his claims against WaMu with the FDIC pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA").

The Court will not reach Defendants' failure to exhaust argument because it finds that Plaintiff's Complaint fails to meet the pleading standards of Rule 8 as articulated in *Twombly* and *Iqbal*. Rule 8 requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A plaintiff must state viable claims and facts to support those claims.

Plaintiff attempts to allege constitutional claims, including his Count I Due Process claim, but has named only private actors as Defendants. Plaintiff cannot state constitutional claims against private citizens whose actions are not fairly attributable to the government. *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1340 (9th Cir. 1997)(internal citations omitted). Any and all constitutional claims alleged against Defendants therefore fail.

Plaintiff entitled his Count II as "Action for Deprivation of Plaintiff's Rights Under Cognovit Note." (Doc. #1, p. 7.) To the extent Count II attempts to state a constitutional claim, it must fail for the reasons cited above. Further, no independent cause of action for "Cognovit Note" exists.

Plaintiff styled his Count III as "Action for Deprivation of Plaintiff's Rights Due to Unconscionability and Adhesion Contracts." (Doc. #1, p. 13.) Again, Plaintiff cannot state a constitutional claim against these Defendants. Nor is "unconscionability" a stand-alone cause of action.

Plaintiff briefly mentions TILA, RESPA, and FDCPA in his Complaint, but alleges no facts to support those theories. To the extent Plaintiff attempted to allege causes of action

---

[1] Defendants argue that the Court can take judicial notice of the provisions of the Purchase and Assumption Agreement and cite to Federal Rule of Evidence 201, but never state a legal basis for bringing the Purchase and Assumption Agreement under Rule 201.

under those statutes, despite failing to name them in separate Counts, those claims fail.

Plaintiff asks for declaratory relief and recites the test for when declaratory relief is available, but never specifically states what he would like this Court to declare. To the extent Plaintiff's unspecified request for declaratory relief attempts to state a separate cause of action, it fails.

Finally, the Court cannot determine with certainty whether Plaintiff has attempted to allege a show-me-the-note theory. To the extent Plaintiff attempts to plead such a claim, the claim fails as a matter of law. This Court previously has rejected the show-me-the-note theory as a basis for relief. *See, e.g., Mansour v. Cal-Western Reconveyance Group*, 618 F.Supp.2d 1178, 1181 (D. Ariz. 2009). Plaintiff should not attempt to re-allege in the Amended Complaint any legal theory based on Defendants' alleged lack of the original promissory note.

Plaintiff has failed to state a cognizable claim in the Complaint. The Court therefore will grant the Defendants' Motion to Dismiss. But because no Answer has been filed, the Court must give Plaintiff the opportunity to amend his Complaint. Rule 15(a)'s automatic right to amend a pleading once before a responsive pleading[2] has been filed survives the granting of a motion to dismiss pursuant to Rule 12(b)(6). *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

The Plaintiff shall have twenty (20) days from the date of this Order to file his Amended Complaint. If the Plaintiff fails to file an Amended Complaint within that time, the Clerk of the Court shall dismiss this case without further notice to Plaintiff. The Court cautions Plaintiff that his Amended Complaint should be "a short and plain statement of the claim showing that the [he] is entitled to relief" and that his claims must be cognizable.

Although Plaintiff never filed a Response to the Motion to Dismiss, he did file a

---

[2] A motion to dismiss is not a responsive pleading within the meaning of Rule 15(a). *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)(internal citations omitted).

- 5 -

1  Motion to Quash all of Defendants' Motions, Pleadings, etc. (Doc. #16) and a Motion for
2  Sanctions against Defendants' and Defendants' Attorneys Pursuant Rule 11(c) (Doc. #19).
3  The Court finds that both of those Motions lack any merit. The Court therefore will deny the
4  Motions without further analysis.

5  Plaintiff also filed a Motion for Preliminary Injunction (Doc. #8) and, on the business
6  day before the oral argument, a Motion for a Temporary Restraining Order to Stay the Sale
7  of Real Property (Doc. #23). In order to prevail on his Motions for a Temporary Restraining
8  Order and for a Preliminary Injunction, Plaintiff must show that:(1) he is likely to succeed
9  on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief,
10 (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Am.
11 Trucking Assoc., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (citing
12 *Winter v. Natural Resources Defense Council*, 129 S.Ct. 365, 374 (2008)).

13 Because the Court has found that Plaintiff failed to state a cognizable claim in his
14 Complaint, he necessarily cannot demonstrate a likelihood of success on the merits. The
15 Court therefore will deny the Motion for a Temporary Restraining Order and the Motion for
16 Preliminary Injunction. Moreover, the Court will not entertain another Motion for a
17 Temporary Restraining Order if and until Plaintiff files an Amended Complaint.

18 Accordingly,

19 IT IS ORDERED GRANTING Defendants' Motion to Dismiss (Doc. #11). Plaintiff
20 shall have twenty (20) days from the date of this Order to file an Amended Complaint that
21 complies with Rule 8. If Plaintiff does not file an Amended Complaint within twenty (20)
22 days of the date of this Order, the Clerk of the Court shall dismiss this case without further
23 notice to Plaintiff.

24 IT IS FURTHER ORDERED DENYING Plaintiff's Motion to Quash (Doc. #16) and
25 Motion for Sanctions (Doc. #19).

26 IT IS FURTHER ORDERED DENYING Plaintiff's Motion for Preliminary
27 Injunction (Doc. #8) and Motion for Temporary Restraining Order (Doc. #23). Plaintiff

cannot file another Motion for a Temporary Restraining Order if and until he has filed an Amended Complaint.

IT IS FURTHER ORDERED DENYING as moot Plaintiff's Motion for Summary Judgment (Doc. #16).

DATED this 26th day of May, 2010.

*James A. Teilborg*
United States District Judge