**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael J. Brosnahan, | No. CV09-8224-PCT-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| JP Morgan Chase Bank, formerly Washington Mutual Bank; California Reconveyance Company, | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion to Compel Court and Defendants to Adhere to ERIE Doctrine (Doc. 34), Motion to Compel Defendant's Attorneys to Submit an Affidavit to this Court (Doc. 39), Motion to Sequester Original Note (Doc. 48), and Motion for Stay of all Non-Judicial Proceedings (Doc. 40), as well as Defendants' Motion to Dismiss (Doc. 35) and Motion to Strike "Plaintiff's Response to Defendants Baseless and Frivolus [Sic] 'Support of Motion to Dismiss Plaintiff's Amended Complaint'" (Doc. 43). The Court now rules on the Motions.

**I. BACKGROUND**

Plaintiff Brosnahan executed a Deed of Trust in favor of his lender, Washington Mutual Bank ("WaMu"), on December 15, 2004. The Trustee was Defendant California Reconveyance Company ("CRC"). The Deed of Trust covered the property at 22 Hummingbird Cir., Sedona, AZ 86336.

WaMu was placed into receivership on September 25, 2008, with the Federal Deposit Insurance Corporation ("FDIC") appointed as Receiver. Defendant JP Morgan Chase Bank ("Chase") acquired certain assets of WaMu, including a number of notes and deeds of trust.

1   Chase's Purchase and Assumption Agreement with the FDIC provides that any claims that
2   arose against WaMu prior to September 25, 2008 that might result in liability remained with
3   the FDIC.

4       At some point, Plaintiff fell behind on or stopped making his mortgage payments. As
5   a result, on or around September 10, 2009, CRC issued a Notice of Trustee Sale set to occur
6   on December 14, 2009 at 11:30 a.m.

7       Plaintiff filed his original Complaint on December 13, 2009.  Plaintiff alleged three
8   causes of action: 1) Due process deprivation; 2) "Deprivation of Plaintiff's Rights Under
9   Cognovit Note" (Doc. #1, p. 7); and 3) "Deprivation of Plaintiff's Rights Due to
10  Unconscionability and Adhesion Contracts" (Doc. #1, p. 13) and sought Declaratory and
11  Injunctive relief.  Defendants filed a Motion to Dismiss on January 15, 2010.  (Doc. #11.)
12  Plaintiff did not file a response to the Motion.

13      The Court granted Defendant's Motion to Dismiss, giving Plaintiff twenty (20) days
14  to file an Amended Complaint in compliance with Federal Rule of Civil Procedure 8.  (Doc.
15  #27.)  Plaintiff filed an Amended Complaint on June 15, 2010.  (Doc. #33.)  Plaintiff asserts
16  six Counts, including two involving standing, two involving a variant on the vapor money
17  theory, one involving the show-me-the-note theory, and one which appears to allege fraud,
18  conversion, and TILA violations.  In addition to these enumerated Counts, Plaintiff continues
19  to assert constitutional claims and unconscionability and adds various allegations that
20  Defendants are terrorists committing acts of war against the United States.

21      Plaintiff also filed a "Motion to Compel Court and Defendants to Adhere to ERIE
22  Doctrine" on June 15, 2010 (Doc. #34), a "Motion to Compel Defendant's Attorneys to
23  Submit an Affidavit to this Court" on August 6, 2010 (Doc. #39), and a Motion for Stay of
24  all Non-Judicial Proceedings on August 20, 2010 (Doc. #40).

25      Defendants filed a Motion to Dismiss Amended Complaint on July 1, 2010 (Doc. #35)
26  and a Motion to Strike "Plaintiff's Response to Defendants Baseless and Frivolus [Sic]
27  'Support of Motion to Dismiss Plaintiff's Amended Complaint'" on August 23, 2010 (Doc.

28

1   #43).

2       **II. LEGAL STANDARD**

3       To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the

4   requirements of Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires a "short and

5   plain statement of the claim showing that the pleader is entitled to relief," so that the

6   defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell*

7   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41,

8   47 (1957)).

9       Although a complaint attacked for failure to state a claim does not need detailed

10  factual allegations, the pleader's obligation to provide the grounds for relief requires "more

11  than labels and conclusions, and a formulaic recitation of the elements of a cause of action

12  will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  The factual allegations

13  of the complaint must be sufficient to raise a right to relief above a speculative level.  *Id*.

14  Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.

15  Without some factual allegation in the complaint, it is hard to see how a claimant could

16  satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also

17  'grounds' on which the claim rests."  *Id*. (citing 5 C. Wright & A. Miller, Federal Practice

18  and Procedure §1202, pp. 94, 95(3d ed. 2004)).

19      Rule 8's pleading standard demands more than "an unadorned,

20  the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

21  (2009)(citing *Twombly*, 550 U.S. at 555).  A complaint that offers nothing more than naked

22  assertions will not suffice.  To survive a motion to dismiss, a complaint must contain

23  sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible

24  on its face." *Iqbal*, 129 S.Ct. At 1949.  Facial plausibility exists if the pleader pleads factual

25  content that allows the court to draw the reasonable inference that the defendant is liable for

26  the misconduct alleged.  *Id*.  Plausibility does not equal "probability," but plausibility

27  requires more than a sheer possibility that a defendant has acted unlawfully.  *Id*.  "Where a

28
                                        - 3 -

1  complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short

2  of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Twombly*,

3  550 U.S. at 557).

4      In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts

5  alleged in the complaint in the light most favorable to the drafter of the complaint and the

6  Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*,

7  234 F.3d 428, 435 (9th Cir. 2000).   Nonetheless, the Court does not have to accept as true

8  a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286

9  (1986).

10      **III. ANALYSIS AND CONCLUSION**

11      The Court is mindful that Plaintiff is proceeding pro se in this matter, and pro se

12  pleadings are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  In

13  an effort to follow the spirit and the letter of the Supreme Court's mandate in *Haines*, the

14  Court granted Plaintiff leave to file an amended compliant in conformance with Rule 8.

15  However, Plaintiff's Amended Complaint is no closer to conformance with Rule 8's pleading

16  standards  than  his  original  Complaint.    Rule  8  requires  more  than  "an  unadorned,

17  the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S.Ct. at 1949 (2009)(citing

18  *Twombly*, 550 U.S. at 555).  A plaintiff must state viable claims and facts to support those

19  claims. Neither Plaintiff's Amended Complaint, nor either of his Responses[1] to Defendants'

20  Motion to Dismiss Amended Complaint, state a claim upon which relief can be granted.

21      Detailing each of the allegations of Plaintiff's voluminous Amended Complaint and

22  two Responses at length is unnecessary.  The Court can address the first five Counts of

23  Plaintiff's Amended Complaint summarily, but will go into more detail on Count VI.

24

25      [1]  Plaintiff filed one response to Defendants' Motion to Dismiss, which he styled as

26  a reply, on July 15, 2010 and a second, entitled "Plaintiff's Response to Defendants Baseless
   and Frivolous 'Support of Motion to Dismiss Plaintiff's Amended Complaint,'" on August 3,

27  2010.

28      - 4 -

In Counts I and II, Plaintiff alleges that Defendants are not the real parties in interest and accordingly lack standing.  Plaintiff has not alleged, however, that Defendants are seeking to prosecute an action in this Court or any other.  Thus, their status as real parties in interest capable of prosecuting an action is not at issue.

In Counts III and IV, Plaintiff alleges that Defendants "did not put their assets at risk" and may have only "lent credit."  Plaintiff elaborates on these two Counts with his self-styled "show-me-the-loan" theory, which appears to be a variant of the vapor money theory that has been rejected by many courts. *See, e.g.*, *Nichols v. Bosco*, No. CV 10-1872-PHX-FJM, 2010 WL 3909205 at * 3 (D. Ariz. Oct. 1, 2010) (citing *Kuder v. Wash. Mut. Bank*, No. CIV S-08-3087-LKK-DAD-PS, 2009 WL 2868730 at * 3 (E.D. Cal. Sept. 2, 2009).  Plaintiff's theory is difficult to understand, but the essence seems to be that because no money actually passed from Defendants to Plaintiff, no loan was in fact made.  However, even on the level of common sense, Plaintiff's theory fails.  If Defendants had failed to provide a loan, Plaintiff would have been unable to purchase the property.

In Count V, Plaintiff alleges that Defendants purposely destroyed the original Note to "securitize" it.  Despite being warned not to assert any legal theory based on Defendants' alleged lack of the original Note, Plaintiff continues to assert that Defendants are not the "holder in due course" because they do not possess the original Note and therefore cannot foreclose on the property.  But Arizona's non-judicial foreclosure statute does not require presentation of the original Note before commencing a trustee's sale.[2] *Diessner v. Mortgage Elec. Registration Sys.*, 618 F.Supp.2d 1178, 1187 (D. Ariz. 2009).  And this Court has previously rejected the show-me-the-note theory as a basis for relief.  *See, e.g., Mansour v. Cal-Western Reconveyance Group*, 618 F.Supp.2d 1178, 1181 (D. Ariz. 2009).

---

[2]  Plaintiff filed a Motion to Sequester the Genuine Original Adjustable Rate Note (Doc. 48) on September 30, 2010.  Because Defendants have no obligation to produce the original Note, the Court will deny the motion–assuming the motion is even procedurally proper.

1    In Count VI, Plaintiff alleges that Defendants used "'legalese' in the mortgage

2 documents as a means of converting Real Property from its true owner to Defendants," which

3 he deems a criminal act of "conversion through fraudulent means." Plaintiff further alleges

4 that the mortgage documents are evidence of a criminal act and cannot be used by the Court

5 in this action.

6    To the extent Plaintiff alleges Defendants' attempt to foreclose on the property is an

7 act of conversion, the claim fails as a matter of law. This Court has previously rejected a

8 conversion theory in a mortgage foreclosure case. *Cervantes v. Countrywide Home Loans,*

9 *Inc.*, 2009 WL 3157160 (D. Ariz. September 24, 2009). Plaintiff's allegations amount to

10 conversion not of chattel or personal property, but real property. But Arizona has no tort of

11 conversion of real property. *See Strawberry Water Co. v. Paulsen*, 207 P.3d 654, 659 (Ariz.

12 Ct. App. 2008) (distinguishing different types of water rights and stating, "[W]ater rights are

13 real property interests, and thus cannot be converted because they are not chattels.").

14    If Plaintiff's allegation in Count VI is instead one of fraud, he has failed to plead such

15 a claim with sufficient particularity. In Arizona, a fraud claim requires proof of nine

16 elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge

17 of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the

18 recipient in a manner reasonably contemplated; (6) the hearer's ignorance of the falsity of

19 the representation; (7) the hearer's reliance on the truth of the representation; (8) the right to

20 rely on it; and (9) consequent and proximate injury. *Echols v. Beauty Built Homes, Inc.,* 647

21 P.2d 629, 631 (1982). When alleging fraud, "a party must state state with particularity the

22 circumstances constituting fraud." Fed. R. Civ. P. 9(b). Mere conclusory allegations of

23 fraud will not suffice; the complaint must contain statements of the time, place, and nature

24 of the alleged fraudulent activities." *A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030,

25 1033 (D. Ariz. 1989). Threadbare assertions that Defendant's use of "legalese" was part of

26 a fraudulent scheme are not sufficient to state a claim, and Plaintiff fails to plead enough

27 facts to support a claim that the mortgage documents themselves were somehow fraudulent.

28

1     If Plaintiff means by Count VI to assert Truth in Lending Act (TILA) violations, he

2   fails to allege any facts to support theories under this statute.  To survive a motion to dismiss

3   on a TILA claim, Plaintiff would have to assert specific facts regarding an alleged failure on

4   the part of his lender[3] to make adequate disclosures of certain terms and conditions before

5   consummation of the loan transaction as required by TILA.  *See* 15 U.S.C. § 1601 *et seq.*

6   In addition, Plaintiff would have to address why his claim would not be barred by the one-

7   year statute of limitations under TILA.  *See* 15 U.S.C. § 1640(e).  Plaintiff's assertion that

8   Defendants used "legalese" in the loan documents, without more, is not sufficient to state a

9   claim under TILA, and such a claim therefore fails.

10     In addition to the six enumerated Counts of his Amended Complaint, Plaintiff asserts

11   a number of other claims.  But no independent cause of action for "Cognovit Note" exists,

12   nor is unconscionability a stand-alone cause of action.  In addition, generalized allegations

13   of terrorism or other acts of war committed by Defendants are not sufficient to state a claim

14   upon which relief can be granted.

15     Plaintiff continues to allege constitutional claims, despite failing to name them in

16   separate Counts, but has named only private actors as Defendants.  Plaintiff cannot state

17   constitutional claims against private citizens whose actions are not fairly attributable to the

18   government.  *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1340 (9th Cir. 1997)

19   (internal citations omitted).  Any and all constitutional claims alleged against Defendants

20   therefore fail.

21     Plaintiff attaches an unsworn document to his Amended Complaint entitled "Mortgage

22   Document Examination and Investigation Report" in support of his claims that either the loan

23

24

25     [3]  Defendants continue to argue that Plaintiff must exhaust administrative claims
     processing before bringing a claim against WaMu for pre-receivership conduct that may
26   result in monetary damages.  The Court will not reach Defendant's failure to exhaust
     argument because it finds that Plaintiff's Amended Complaint fails to meet the pleading
27   standards of Rule 8 as articulated in *Twombly* and *Iqbal*.

28
- 7 -

1    is void because Defendants allegedly do not possess the original Note or no loan was made.

2    Defendants assert that the report, which Plaintiff apparently purchased from a forensic

3    document examiner, cuts against both of these claims.  The Court agrees that the report adds

4    nothing to the Amended Complaint and has already dismissed the show-me-the-note and

5    show-me-the-loan claims as a matter of law.

6         Plaintiff requests that the Court order "the 'contract'/mortgage/Deed of trust/Note

7    hereby forever rescinded" and order Defendants to reconvey the deed to Plaintiff, repair and

8    restore Plaintiff's credit, return all money paid by Plaintiff to Defendants, and cancel all

9    foreclosure proceedings.  Because Plaintiff has failed to state a cognizable claim, the Court

10   is unable to grant Plaintiff the relief he seeks.

11        Plaintiff has filed a "Motion to Compel Court and Defendants to Adhere to ERIE

12   Doctrine."  (Doc. #34.)  The Court is aware that under the Erie doctrine, a federal court

13   sitting in diversity applies state substantive law and federal procedural law, *Gasperini v.*

14   *Center for Humanities, Inc.*, 518 U.S. 415 (1996), and acts accordingly.  Plaintiff has also

15   filed a "Motion to Compel Defendants' Attorneys to Submit an Affidavit to this Court

16   Stating whether or not they are Representing the Holder in Due Course and the Creditor in

17   this Matter."  (Doc. #39.)  However, nothing requires Defendants' counsel to submit an

18   affidavit of this type to the Court.  Moreover, the Court has ruled previously that Defendants

19   do not have to possess the original Note.  The Court therefore will deny both motions.

20        Plaintiff has also filed a Motion for Stay of all Non-Judicial Proceedings. (Doc. #40.)

21   In order to prevail on a motion for injunctive relief, Plaintiff must show that: (1) he is likely

22   to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of

23   preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the

24   public interest.  *Am. Trucking Assoc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir.

25   2009) (citing *Winter v. Natural Res. Defense Council*, 129 S.Ct. 365, 374 (2008)).  Because

26   the Court has found that Plaintiff failed to state a cognizable claim in his Amended

27   Complaint, he necessarily cannot demonstrate a likelihood of success on the merits.  The

28

- 8 -

Court therefore will deny Plaintiff's Motion for Stay of all Non-Judicial Proceedings.

Defendants have filed a Motion to Strike Plaintiff's second Response (Doc. #38) as an untimely and unauthorized supplement to the response Plaintiff filed on July 15, 2010. (Doc. #36.)  The Court agrees with Defendants that the local rules do not permit Plaintiff's second Response, *see* L.R.Civ.P. 7.1, and that Plaintiff offers nothing new or relevant in his second filing.  However, a determination to strike is in the discretion of the Court, and Defendants have not demonstrated how the allegations contained in Plaintiff's second Response will cause prejudice. *See XY Skin Care & Cosmetics, LLC v. Hugo Boss USA, Inc.*, No. CV-08-1467-PHX-ROS, 2009 WL 2382998, at *1 (D. Ariz. Aug. 4, 2009).  In any case, nothing in the second Response altered the Court's analysis.  The Court will therefore deny Defendants' Motion to Strike.

Plaintiff has failed to state a claim upon which relief can be granted in the Amended Complaint.  The Court therefore will grant Defendants' Motion to Dismiss.

Accordingly,

IT IS ORDERED GRANTING Defendants' Motion to Dismiss (Doc. 35) with prejudice.

IT IS FURTHER ORDERED DENYING Plaintiff's Motion to Compel Court and Defendants to Adhere to ERIE Doctrine (Doc. 34), Motion to Compel Defendants' Attorneys to Submit an Affidavit (Doc. 39), and Motion for Stay of all Non-Judicial Proceedings (Doc. #40), as well as Defendants' Motion to Strike (Doc. 43).

IT IS FURTHER ORDERED DENYING Plaintiff's Motion to Sequester the Genuine Original Adjustable Rate Note (Doc. 48).

DATED this 25th day of October, 2010.

James A. Teilborg
United States District Judge

- 9 -